IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DUSTIN STORM DEVENPORT, 1485030,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1759-B |
| ) | |
| **RICHARD THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    NATURE OF THE CASE**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Rick Thaler is Director of the TDCJ-CID.

**II.   PROCEDURAL BACKGROUND**

Petitioner does not challenge the validity of his underlying conviction and sentence. Rather, he challenges a prison disciplinary violation, number 20090215727, which he received at the Price Daniel Unit of the TDCJ.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

Petitioner was found guilty of a self-inflicted bodily injury. Punishment was assessed at thirty-seven days loss of commissary, forty-five days cell restriction, reduction in line class from L1 to L2, and thirty days loss of good time credits. (Resp. Disc. Records.)

Petitioner argues:

(1)   the offense report contained the incorrect location of the incident;

(2)   his conviction violated his right to be free from self-incrimination;

(3)   the prosecution failed to turn over evidence that the incident report claimed Petitioner cut his arm in the infirmary;

(4)   his conviction violated the Double Jeopardy Clause;

(5)   he received ineffective assistance of counsel during the disciplinary hearing; and

(6)   his conviction violated his due process rights.

On November 17, 2009, Respondent filed his answer. On April 14, 2010, Respondent filed an amended answer. Petitioner did not file a reply.

## III.   DISCUSSION

### 1.   Conditions of Confinement

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner's claims regarding loss of commissary privileges, cell restrictions and reductions in line class are conditions of confinement that do not implicate due process concerns. *See Malchi*, 211 F.3d at 958 (commissary and cell restrictions); *Madison v.*

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

*Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (reductions in line-class status). These claims should therefore denied.

**2.     Good Time Credits**

Petitioner lost thirty days of good-time credits. Petitioner is eligible for mandatory supervision, and therefore has a protected liberty interest in his good-time credits. *Malchi*, 211 F.3d at 958-59. The revocation of these credits must comply with minimal procedural requirements. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). The minimal due process requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolf*, 418 U.S. at 563-68. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

In this case, Petitioner's disciplinary hearing met all of the due process requirements. Petitioner was provided with advanced written notice of the charges on April 15, 2009. (Resp. Disc. Records at 1.) The hearing was held on April 21, 2009. (*Id*.) He therefore received at least 24 hours notice of the hearing.

Petitioner was also afforded the opportunity to call witnesses and offer evidence. Petitioner complains that his counsel-advocate failed to call his requested witnesses. Petitioner states these witnesses would have testified that he cut his arm while he was in his cell, rather than when he was in the infirmary. The records show that Petitioner's counsel-advocate

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

informed him that the incident report states that he cut his arm while in his cell, and that the incident was reported when he went to the infirmary. (*Id*. at 13.) Any decision by the counsel advocate not to call witnesses regarding these facts does not show that Petitioner's due process rights were violated.

The Hearing Officer's decision finding Petitioner guilty relied upon Petitioner's admission that he cut his arm, as well as the offense report. (*Id*. at 1.) The Court finds Petitioner was afforded the due process required in this case.

Further, Petitioner's claim that his counsel-advocate provided ineffective assistance of counsel does not entitle him to relief. Petitioner was not entitled to counsel during the disciplinary hearing. *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). His claim is therefore without merit.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 7th day of December, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).